UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDALL WALLIS,

        Plaintiff,

        v.

CITIMORTGAGE, INC., A NEW YORK CORPORATION, et al.,

        Defendants.

Case No.15-cv-05824 NC

**ORDER FOR ADDITIONAL BRIEFING RE: HELENE WALLIS**

In this mortgage foreclosure case, Randall Wallis sues Citi Mortgage, seeking to stop the foreclosure of his house and to quiet title to the property. However, Randall Wallis' ex-wife, Helene Wallis was a co-borrower on the underlying mortgage loan. Citi Mortgage moves to dismiss the complaint, and argues in part that Helene Wallis is a necessary party in this litigation. Randall Wallis has attached his divorce decree to the complaint, which provides that Helene will be held harmless from the debts on the property. However, Citi Mortgage is not a party to this divorce decree.

Federal Rule of Civil Procedure 19(a) provides,

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring

Case No.15-cv-05824 NC

> double, multiple, or otherwise inconsistent obligations because of the interest.

The Ninth Circuit frames the indispensable party inquiry into a three part analysis: (1) whether a nonparty should be joined under Rule 19(a); (2) if so, whether it is feasible to order that the absentee be joined; and (3) if joinder is not feasible, whether the case can proceed without the absentee. If not, dismissal of the case is proper. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *Trinh v. Citibank, NA*, No. 12-cv-03902 EJD, 2012 WL 6574860, at *2 (N.D. Cal. Dec. 17, 2012).

As to the first element, Helene Wallis was a co-borrower on the loan, has an interest in the title of the property, and could bring many of the same claims as Randall Wallis against Citi Mortgage. The divorce decree states that Helene should be held "harmless from the mortgage debt on the property." This decree does not appear to change the nature of the relationship between Helene Wallis and Citi Mortgage, but rather it changes the nature of the relationship between Randall Wallis and Helene Wallis as to the debt on the property upon judgment. The Court concludes that Helene Wallis should be joined under Rule 19(a). Helene Wallis claims an interest in the property that she may be interested in protecting, and without her joinder, Citi Mortgage may be subject to a substantial risk of incurring double inconsistent obligations.

Second, the Court must consider whether it is feasible to order Helene Wallis to join the litigation. Joinder is not feasible "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). The parties did not address this inquiry in their motion to dismiss briefing.

Thus, the Court ORDERS the parties to submit additional briefing as to whether it is feasible to order Helene Wallis to join the litigation. Plaintiff must submit additional briefing by April 15, 2016. Defendant may respond by April 22, 2016.

**IT IS SO ORDERED.**

Dated: April 6, 2016                    _____
                                        NATHANAEL M. COUSINS
                                        United States Magistrate Judge

Case No. 15-cv-05824 NC              2